UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV81-V
(5:06CR39-V)

| | |
|---|---|
| JAY LEE McAPLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed on July 30, 2008. For the reasons stated herein, the Petitioner's Motion to Vacate will be denied and dismissed.

## PROCEDURAL HISTORY

On June 29, 2006, Petitioner was named in a five-count Indictment charging him with three counts of conspiracy to possess with intent to distribute methamphetamine and a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(b)(1)(B), 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; one count of knowingly and unlawfully using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Case No. 5:06cr39, Document No. 1.) On March 9, 2007, a Plea Agreement was filed in which Plaintiff agreed to plead guilty to counts one and four of the Indictment. (Id, Document No. 16.) On March 19, 2007, Magistrate Judge Carl Horn, III, after conducting a Plea and Rule 11

1

Hearing, accepted Petitioner's guilty plea. (Id., Document No. 17.) On that occasion, the Court engaged the Petitioner in its standard, lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. The Court asked counsel for the Government to summarize the essential terms of the Plea Agreement which included the appellate and collateral review waiver provisions. The Court then specifically asked Petitioner whether he understood the terms of the Plea Agreement as recited by counsel and whether he had enough time to discuss the agreement with his attorney. Petitioner indicated that he did understand the terms of the Plea Agreement and that he had enough time to discuss the terms of the agreement with his attorney. The Court also confirmed that Petitioner had not been threatened or forced to sign the agreement, that no one had made promises of leniency to him and that he was satisfied with the services of his attorney. The Court then determined that the Petitioner's guilty plea was knowingly and freely made. Thereafter, the Court accepted the Petitioner's plea. (Id., Entry and Acceptance of Guilty Plea Form, Doc. No. 17).

On August 6, 2007, this Court conducted a sentencing hearing in this matter and sentenced Petitioner on count one to 30 months imprisonment to be followed by three years of supervised release and to 60 months imprisonment to run consecutively followed by five years of supervised release on count four. (Id., Judgment in a Criminal Case, Doc. No. 21).[1]

Petitioner did not file an appeal with the Fourth Circuit Court of Appeals. Instead, on July 30, 2008, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence alleging that his guilty plea was induced and therefore not voluntarily made with an understanding of the nature of the charge and the consequences of the plea; his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure and his counsel was ineffective

---

[1] The United States dismissed the remaining counts at sentencing.

for allowing him to enter a plea of guilty.

## ANALYSIS

**I. INITIAL REVIEW AUTHORITY**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that the Petitioner is not entitled to any relief on his claims.

**II. PETITIONER HAS WAIVED HIS RIGHT TO CHALLENGE HIS PLEA AND THE SEARCH**

Petitioner claims that his guilty plea was not voluntarily made and his conviction was obtained pursuant to evidence gained through an illegal search and seizure. Petitioner's Plea Agreement specifically sets forth that Petitioner waived his right to challenge his sentence or conviction in post-conviction motions except for claims of ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement ¶ 19.) At his Rule 11 hearing, Petitioner swore under oath that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.[2]

---

[2] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights.[3] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement his rights to collaterally attack his conviction and sentence. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Because the Petitioner has not alleged or suggested that his Plea Agreement somehow is invalid, this Court finds that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on the ground that his plea was not voluntarily made and that the underlying search was unconstitutional.

### III. PROCEDURAL BAR

Even if Petitioner had not waived his rights to raise these claims in a collateral review proceeding, he has procedurally defaulted these claims. Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Petitioner did not file a direct appeal in the underlying criminal case and the instant Motion fails to allege that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise this claim on direct appeal results in a

---

judge, constitute a formidable barrier in any subsequent collateral proceeding).

[3]. See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4trh Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial.)

procedural bar to considering the claim now. Id.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner argues that his counsel was ineffective because "he "fail[ed] to file a motion to dismiss all the charges related to the September 15th unlawful arrest and seizure" and "no counsel would allow there [sic] client to plea [sic] guilty to any charge related to the unlawful arrest and seizure that occured on September 15th." (Motion at 8.) Petitioner goes on to state that "if counsel had performed his constitutionally required duties as stated above [he] would not have plea [sic] guilty to any charges related to September 15th,"

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at

697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea has an ever higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-57; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475; accord Hill, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). Here, Petitioner stated that he was satisfied with the performance of his counsel at his Rule 11 Hearing. When asked if Petitioner had anything to say about the performance of his attorney, Petitioner responded in the negative and stated that he was satisfied with the services of

his attorney. (Entry and Acceptance of Guilty Plea Form ¶¶30, 31.) Moreover, Petitioner stated that he understood that he had a right to plead not guilty and that by entering the plea he was waiving that right. (Id. at ¶¶ 18, 20.) Petitioner stated that he was pleading guilty because he was, in fact, guilty and that no one threatened, intimidated or forced him to enter his guilty plea. (Id. ¶¶ 21, 27.)

A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Petitioner contends that his counsel was ineffective for allowing him to plead guilty to the charges connected with the search and seizure of a car on September 15, 2005 because the search of the car was unconstitutional and there was no nexus between him and the car. It is important to note that count three, conspiracy to possess with intent to distribute a mixture of methamphetamine, occurring on or about September 15, 2005 was dismissed at sentencing. Petitioner did not plead guilty to this count. Therefore, his counsel cannot be deemed ineffective for allowing Petitioner to plead guilty to this count. However, in count four, Petitioner plead guilty to possession of a firearm in furtherance of a drug trafficking crime. The weapon referred to in count four was found in a vehicle which was searched on September 15, 2005. Petitioner contends that the weapon was found in a vehicle which had no nexus to him and his counsel was ineffective for allowing him to plead guilty to this count.

According to the presentence report ("PSR), on September 15, 2005, the probation department went to Petitioner's residence to perform a warrantless search. Petitioner was not at

home but was located by his probation officer and police officers at the Autozone in Taylorsville. "The officers requested [permission] to search [Petitioner's] vehicle based on the probation condition of warrentless search and [he] consented to the search." "Officers located a firearm (Davis Industries Model P-32, handgun) with 1 round in the chamber and a loaded magazine and a box of ammunition, in the front passenger side floor board located in a briefcase." Drugs were also found on Petitioner's person and in the vehicle along with other drug paraphernalia. (PSR ¶12.)

Petitioner's current claim that his counsel was ineffective for allowing him to plead guilty to the gun charge when the vehicle in which the gun was located had no nexus to him is belied by the record. First, Petitioner signed the plea agreement in which he pled guilty to the gun charge. (Plea Agreement, Doc. No. 16.) Next, during his Plea and Rule 11 Hearing, Petitioner stated that he had read the indictment, discussed it with his attorney and that he understood the charges against him including the maximum penalties. (Entry and Acceptance of Guilty Plea Form ¶¶ 8, 9.) Petitioner then stated that he was, in fact, guilty of the charges in the indictment to which he was pleading guilty. (Id. ¶ 21.) Petitioner never stated to the Court that the gun found in the vehicle on September 15, 2005 was not his or that the vehicle was not his. Instead, Petitioner specifically pled guilty to count four of the Indictment charging him with possession of a firearm in furtherance of a drug trafficking crime. Next, in the offense conduct section of the PSR, the probation officer stated that a gun was found in Petitioner's car outside the Autozone on September 15, 2005. Petitioner did not file a written objection to the PSR nor did he verbally object at sentencing to the contents of the PSR. Lastly, the record shows that Petitioner's right to be free of unlawful searches gave way by virtue of his consent to the search and the terms of his probation allowing warrantless searches.

Petitioner may now have "buyer's remorse" concerning the deal he struck, however he has

set forth no evidence establishing that his counsel was ineffective in "allowing him" to plead guilty to count four. According to Petitioner's own words at the Plea and Rule 11 Hearing, Petitioner told Judge Horn that he was, in fact, guilty of the counts that he was pleading and that no one had "threatened, intimidated or forced [him] to enter [his] plea". (Entry and Acceptance of Guilty Plea Form ¶¶ 21, 27.) Petitioner must take responsibility for the plea agreement he signed. Furthermore, Petitioner did receive the benefit of a very favorable plea agreement. Petitioner was charged in a five-count Indictment. Due to the efforts of his attorney, Petitioner was offered a plea agreement in which the government agreed to dismiss counts two, three and five of the Indictment in exchange Petitioner's guilty plea to counts one and four. Simply put, Petitioner has not satisfied either prong of the Strickland test. Therefore, his claim that his counsel was ineffective for failing to secure a favorable plea agreement is denied.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to review of any of the claims contained in his Motion to Vacate as he has not established either prong of the Strickland test with respect to his claim of ineffective assistance of counsel and is therefore not entitled to relief on this claim. Furthermore, he has waived his right to seek collateral review of claims, other than ineffective assistance of counsel or prosecutorial misconduct, in his Plea Agreement and, in the alternative, his claims challenging the voluntariness of his guilty plea and the search of the vehicle are procedurally barred. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED AND DISMISSED.**

**SO ORDERED**.

Signed: August 15, 2008

Richard L. Voorhees
United States District Judge